■ In the Matter of FRANCES CALLAHAN. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PATRICIA CALLAHAN, Respondent. [658 NYS2d 974] —In a proceeding pursuant to Mental Hygiene Law article 81, the Suffolk County Department of Social Services appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated May 10, 1996, as granted the petitioner's application to establish a supplemental needs trust with certain settlement proceeds before satisfying a Medicaid lien.

Ordered that the order and judgment is reversed insofar as

appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and a new determination in accordance herewith.

In *Cricchio v Pennisi* (90 NY2d 296), the Court of Appeals held that the portion of settlement proceeds that was intended to compensate the plaintiff for past medical expenses must be used to satisfy a Medicaid lien before the funds may be transferred to a supplemental needs trust that conforms with EPTL 7-1.12. Accordingly, the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the portion of the recovery that was intended to compensate the plaintiff for past medical expenses, and whether the settlement was consciously structured to frustrate the Medicaid lien *(see, Gromalski v County of Nassau,* 204 AD2d 391). Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.